IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARVIN BANKS,
    Plaintiff,

v.

C.O. 1 S. TUCKER, et al.,
    Defendants.

FILED
MAY 08 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

CIVIL ACTION NO. 18-CV-1445

## MEMORANDUM

JONES, J.                                                                                                                 MAY 8, 2018

Plaintiff Marvin Banks, a State inmate currently incarcerated at SCI Benner Township, has filed this *pro se* action pursuant to 42 U.S.C. § 1983 against C.O. 1 S. Tucker, Hearing Examiner Ryan Szelewski, and Major Clark challenging discipline he received after spitting in C.O. Tucker's face. He has also filed a Motion to Proceed *In Forma Pauperis*. For the following reasons, the Court will grant Banks leave to proceed *in forma pauperis* and will dismiss his Complaint.

I.     FACTS

On November 5, 2017, Banks got into an argument with C.O. 1 S. Tucker "about a procedural duty in which [he] was trying to understand [Tucker's] reasoning which is hard for [him] due to [his] severe mental illness." (Compl. at 3.)[1] Tucker became "irate and disrespectful," and Banks claims that she falsely accused him of assaulting her by spitting on her. (*Id.*) Banks claims that Tucker "defam[ed his] character." (*Id.*)

Banks had a disciplinary hearing before Hearing Examiner Ryan Szelewski on November 8, 2017. (*Id.* at 2-3.) According to Banks, Szelewski violated his due process rights by "not

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

1

check[ing] any evidence or call[ing] to interview any of [his] witnesses." (*Id.* at 3.) Szelewski found Banks guilty of the charge and sanctioned him to 90 days in disciplinary custody. (*Id.* at 2, 4.) Banks appealed to the Program Review Committee, which denied his appeal. (*Id.* at 9-10.)

Banks also claims that Major Clark was deliberately indifferent because she viewed video of the incident after his hearing and "still did nothing to help [him]." (*Id.* at 3.) According to Banks, the video "shows that nothing happened." (*Id.*) Banks claims that he "tr[ied] to correspond with [Major Clark] via letters she purposely refused to write [him] back." (*Id.*)

Banks now brings this action pursuant to 42 U.S.C. § 1983, claiming that the Defendants violated his due process rights and demonstrated deliberate indifference by falsely charging him with assaulting an officer and finding him guilty of that assault. As relief, he asks that the Court "remove Defendants from their duties" and that he be awarded $5,000 for every day that he spent in the Restricted Housing Unit, as well as $10,000 from each Defendant for "mental anguish." (*Id.* at 19.)

## II. STANDARD OF REVIEW

The Court will grant Banks leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[2] Accordingly, Banks's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient

---

[2] However, because Banks is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Banks is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Banks's Complaint does not establish a plausible constitutional violation.

### A. Eighth Amendment Claims

Conditions of confinement violate the Eighth Amendment's prohibition on cruel and unusual punishment if they satisfy two criteria. First, the conditions "must be, objectively, sufficiently serious" such that a "prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted). Second, the official responsible for the challenged conditions must exhibit a "sufficiently culpable state of mind," which "[i]n prison-conditions cases . . . is one of deliberate indifference to inmate health or safety." *Id.* Here, because the punishment in question did not deprive Banks of basic necessities and does not represent "'a dramatic departure from accepted standards for conditions of confinement,'" Banks has not stated a basis for an Eighth Amendment claim. *See Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997) (holding that the restrictive conditions in administrative custody in the Pennsylvania state correctional institutions, in and of themselves, do not violate the Eighth

3

Amendment); *see also Bond v. Horne*, 553 F. App'x 219, 224-25 (3d Cir. 2014) (per curiam) (transfer to disciplinary confinement did not violate the Eighth Amendment).

## B. Fourteenth Amendment Claims

Banks's claims that the Defendants violated his due process rights under the Fourteenth Amendment also fail. "[I]nmates are generally not entitled to procedural due process in prison disciplinary hearings because the sanctions resulting from those hearings do not usually affect a protected liberty interest." *Burns v. PA Dep't of Corr.*, 642 F.3d 163, 171 (3d Cir. 2011) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)). Banks's ninety-day sentence in disciplinary custody is not sufficient to trigger due process protections. *See Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002) ("[C]onfinement in administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest [for purpose of triggering due process protection]." (quoting *Sandin*, 515 U.S. 472 (1995))); *Griffin v. Vaughn*, 112 F.3d 703, 708 (3d Cir. 1997) (holding that "exposure to the conditions of administrative custody for periods as long as 15 months falls within the expected parameters of the sentence imposed [. . .] by a court of law" and does not constitute a due process violation (quotation omitted)). Moreover, Banks's assertion that Tucker filed false disciplinary charges does not constitute a claim under § 1983 because he received a hearing and an opportunity to rebut the charges. *Mensinger*, 293 F.3d at 653-54; *see also Freeman v. Rideout*, 808 F.2d 949, 952-53 (2d Cir. 1986). Thus, Banks cannot establish a due process violation.

Banks also suggests that Tucker defamed his character by falsely charging him. An individual does not have a protected interest in reputation alone. *See Thomas v. Indep. Twp.*, 463 F.3d 285, 297 (3d Cir. 2006) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)). Instead,

4

"defamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir. 1989) (citing *Paul*, 424 U.S. at 701-12). Therefore, a plaintiff must plead a "stigma-plus" claim in his complaint. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) (noting that "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest"). As discussed above, however, Banks has no liberty interest in remaining free from disciplinary custody. Thus, because Banks's Complaint fails to plausibly allege that he was deprived of "some additional right or interest," Banks fails to state an actionable defamation claim against Tucker.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Banks leave to proceed *in forma pauperis* but will dismiss his Complaint. Banks will not be permitted to file an amended complaint because it does not appear that he could cure the defects set forth above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

_____
C. DARNELL JONES, II, J.

5